**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, *et al.,*

      Plaintiffs,                              Case No. 09-10339
                                                        Hon. Gerald E. Rosen

vs.

D.A.V. CONTRACTING, INC. and
DAVID VENTURA,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO
SET ASIDE ANSWER OF D.A.V. CONTRACTING, INC.**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    April 1, 2009

PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

On March 4, 2009, Defendant David Ventura, a non-attorney, filed an answer to the complaint on behalf of himself and the corporate Defendant, D.A.V. Contracting, Inc. By motion filed on March 10, 2009, Plaintiffs request that this answer be stricken as to D.A.V. Contracting, citing the well-established rule that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993); *see also United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir. 1969). While Defendant Ventura suggests in his response to Plaintiffs' motion that this rule may be

relaxed in "extraordinary circumstances,"[1] he has not even attempted to identify any such circumstances here. Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' March 10, 2009 motion to set aside answer of D.A.V. Contracting, Inc. (docket #11) is GRANTED. IT IS FURTHER ORDERED that the March 4, 2009 answer filed by Defendant David Ventura on his own behalf and on behalf of Defendant D.A.V. Contracting, Inc. is SET ASIDE as to ***D.A.V. Contracting, Inc. only***. Finally, IT IS FURTHER ORDERED that, within ***fourteen (14) days*** of the date of this order, Defendant D.A.V. Contracting, Inc. shall retain counsel and file and serve an answer or other permissible response to Plaintiffs' complaint. Absent such action by this Defendant within this 14-day period, Plaintiffs shall be entitled to pursue any and all appropriate relief against Defendant D.A.V. Contracting, Inc., including a clerk's entry of default and a default judgment.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: April 1, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 1, 2009, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager

---

[1] For what it is worth, the Supreme Court has characterized the rare departures from this rule as "aberrant cases" which "neither follow federal precedent, nor have themselves been followed." *Rowland,* 506 U.S. at 202 & n.5, 113 S. Ct. at 721 & n.5. In any event, this Court is not at liberty to depart from the Sixth Circuit precedent on this issue.