**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH
CARE PLAN, OPERATING ENGINEERS' LOCAL
324 VACATION & HOLIDAY FUND, OPERATING
ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND,
OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP
FUND, and OPERATING ENGINEERS' LOCAL 324
DEFINED CONTRIBUTION PLAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

       Plaintiffs,

v.

                                   Case No.  09-cv-10339
                                   Hon. Gerald E. Rosen

D.A.V. CONTRACTING, INC., a Michigan
corporation, and DAVID VENTURA,
Individually.

       Defendants.

_____/

**DAVID J. SELWOCKI  (P51375)**
**MATTHEW I. HENZI (P57334)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Southfield MI  48075-8412
248.746.0700

**DAVID VENTURA**
In Pro Per
30499 Plymouth Road
Livonia, MI  48150

_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DAVID VENTURA**

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST
DAVID VENTURA**

**CERTIFICATE OF SERVICE**

NOW COME the Plaintiffs, by and through their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their Motion for Summary Judgment against Defendant David Ventura, Individually, state as follows:

1.      Plaintiff Funds are established under and administered pursuant to Section 302 of the Labor Management Relations Act, 29 USC §186 and the Employees Retirement Income Security Act of 1974 (ERISA), 29 USC §1001, et seq.

2.      This action seeks recovery of delinquent fringe benefits (i.e, pension, healthcare, etc.) owed by Defendants to Plaintiff Funds on behalf of the participants of said funds.

3.      Plaintiff Funds are authorized to collect delinquent fringe benefit contributions pursuant to 29 USC §1132(g) and 29 USC §1145, which charges trustees of the funds with the duty to collect delinquent fringe benefits, plus interest, attorney fees and penalties.

4.      Defendants submitted employee contribution forms to the Plaintiff Funds' office for work performed during September, 2008 through November, 2008, showing a total of unpaid employee benefit contributions for that time period in the amount of $16,784.50.

5.      On May 7, 2009, Plaintiffs filed their motion for entry of judgment by default against the corporate defendant, DAV Contracting, Inc. ("DAV")(Docket #23).   The motion sought, inter alia, entry of a default judgment in the amount of $19,637.76, inclusive of liquidated damages and all relevant interest, fees and costs, against this corporation due to its failure to defend the matter through an attorney.

6.      The instant motion seeks summary judgment against the individual Defendant, Ventura, because he breached his duty as an ERISA fiduciary.  This motion also seeks entry of a judgment against all defendants for a sum certain, along with other, requested relief.

7.      Mr. Ventura ran the day-to-day operations of the company and had the actual authority to determine what, if any, contributions were going to be paid on the various participants/employees' behalf.

8.      Mr. Ventura is a fiduciary regarding plan assets and breached his fiduciary duties when he withheld those assets instead of paying same to Plaintiff Funds and, therefore, is personally liable pursuant to ERISA.

9.      Concurrence in this motion was sought by correspondence to defendant, David Ventura, dated August 5, 2009.   There has been no response.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion for Summary Judgment and order the following relief:

A.      A Judgment in favor of Plaintiffs in the amount of $19,637.76 against all Defendants;

B.      That, within 10 days of the date of entry of the Judgment, the Plaintiffs shall move to amend this Judgment to include the mandates of 29 USC §1132(g)(2) upon further submission to this Court;

C.      That an audit be completed of Defendant DAV Contracting, Inc. for all time periods through the present to determine all other due and owing contributions;

D.      That, once the audit is completed, the Judgment be amended to include any additional amounts determined due pursuant to the audit, plus the mandates of 29 USC §1132(g)(2) on those additional amounts, including interest, costs, and attorney fees as required and upon further submissions to the Court;

E.      That this Honorable Court retain jurisdiction of this matter until these orders are satisfied in full; and,

F.    Any other further relief this Honorable Court deems just and appropriate
      in this matter.

                            Respectfully submitted,

                            **SULLIVAN, WARD, ASHER & PATTON, P.C.**


                            /s Matthew I. Henzi
                            DAVID J. SELWOCKI  P51375
                            MATTHEW I. HENZI P57334
                            Sullivan, Ward, Asher & Patton, P.C.
                            1000 Maccabees Center
                            25800 Northwestern Highway
                            Southfield, Michigan 48075-8412
                            (248) 746-0700
                            dselwocki@swappc.com
                            mhenzi@swappc.com

Dated:    August 11, 2009
W0783512

4

**BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES ..........................................................................................................ii

STATEMENT OF ISSUES PRESENTED ...................................................................................iii

I.    STATEMENT OF FACTS ............................................................................................... 1

II.   STANDARD OF REVIEW.............................................................................................. 3

III.  LEGAL ARGUMENT...................................................................................................... 3

      THE INDIVIDUAL DEFENDANT, DAVID VENTURA, IS PERSONALLY
      LIABLE FOR THE UNPAID CONTRIBUTIONS BASED ON VIOLATIONS
      OF HIS FIDUCIARY DUTIES PURSUANT TO 29 USC §1109............................ 3

## INDEX OF AUTHORITIES

### PAGE(S)

## CASES

Ackers v Palmers, 71 F3d 226, 230 (6th Cir. 1995), cert. den. 116 S.Ct. 2523 (1996)............... 4

Barton v. Transportation Communication International Union, 25 F. Supp. 2d. 790, 795
  (E.D. Mich. 1998)......................................................................................................... 3

Brock v Hendershott, 840 F2d 339, 342 (6th Cir. 1988),......................................................... 4

Celotex Corp. v. Catrett , 477 U.S. 317; 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)................... 3

Cox v. Kentucky Dept. of Transportation, 53 F.3d. 146, 149-50 (6th Cir. 1995).......................... 3

Galgay v. Gangloff, 677 FSupp. 295 (M.D. Pa. 1987) .............................................................. 5

In Re: Consolidated Welfare Fund ERISA Litigation, 839 F. Supp. 1068, 1073 (S.D. N.Y.
  1993) ............................................................................................................................. 5

Iron Workers' Local 25 Pension Fund v McGuire Steel Erection Inc., 352 F Supp 2d
  794 (ED Mich 2004)......................................................................................................... 7

Matsushita Electric Industry Co. v. Zenith Radio Corp., 475 U.S. 574; 106 S. Ct. 1348,
  89 L. Ed. 2d. 538 (1986) ................................................................................................ 3

Operating Engineers' Local 324 Fringe Benefit Funds v Nicholas Equipment, LLC, 353 F
  Supp 2d 851 (ED Mich 2004)........................................................................................... 7

Street v. J.C. Bradford & Co., 886 F. 2d. 1472, 1479-80 (6th Cir. 1989).................................... 3

Trustees of the Michigan Regional Counsel of Carpenters, Employee Benefit Funds, et
  al. v. Accura Concrete Walls Inc. 408 F Supp 2d 370, (ED Mich 2005)............................... 7

US v Lasky, 967 FSupp. 749, 752 (ED NY. 1997) .................................................................. 6

US v. LaBarbara, 129 F3d 81 (2d Cir. 1997) ......................................................................... 6

US v. Panepinto, 818 FSupp. 48 (ED NY. 1993) ................................................................... 6

## RULES

Fed. R. Civ. P. 56(c)............................................................................................................ 3

## STATUTES

18 USC §664 ...................................................................................................................... 6

29 CFR §2510.3-102(a) ....................................................................................................... 5

29 USC §1002(21)(A) ....................................................................................................... 4, 5

29 USC §1104(a)(1)(A) ........................................................................................................ 7

29 USC §1109 ................................................................................................................. 3,7

## OTHER AUTHORITIES

10A Charles A. Wright, Arthur R. Miller & Mary Kane, Federal Practice & Procedure
  §2727, at 468 (1998) ........................................................................................................ 3

# **STATEMENT OF ISSUES PRESENTED**

I.      SHOULD SUMMARY JUDGMENT BE GRANTED AGAINST THE INDIVIDUAL
        DEFENDANT AS SET FORTH IN PLAINTIFFS' MOTION FOR SUMMARY
        JUDGMENT AND BRIEF IN SUPPORT THEREOF?

               Plaintiffs state "Yes".

## I.   STATEMENT OF FACTS

### A.   INTRODUCTION

This lawsuit seeks payment of delinquent fringe benefit contributions owed by Defendants to Plaintiff Funds.  This Court has already entered a non-appearance default against DAV Contracting, Inc. ("DAV"), due to its failure to properly defend this matter. (Docket # 19).  Plaintiffs' filed their Motion for Entry of Judgment by Default Against DAV on May 7, 2009.  (Docket # 23).  The motion is pending.

The only remaining issue for trial is whether David Ventura ("Ventura") is personally liable for the unpaid fringe benefits.  This motion seeks to globally resolve this matter through entry of judgment against all Defendants for a sum certain, plus statutory interest and fees.

### B.   EVIDENCE OF VENTURA'S CONTROL OF DAV

Mr. Ventura is the President and sole owner of DAV, which he incorporated in 1980.   **EXHIBIT A**, p. 6.  Mr. Ventura admitted during his deposition that DAV owes approximately $17,000 in unpaid fringe benefit contributions for work performed during September through November, 2008.  **EXHIBIT A**, p. 13.  He admitted that he submitted contribution forms for DAV employees for the relevant time period and that the unpaid fringe benefit contributions specifically totaled $16,784.50, reflected by the contribution forms he reviewed at his deposition.  **EXHIBIT A**, pp. 14-15.  DAV submitted contribution forms and paid employee benefit contributions for a period of at least 12 months before it stopped submitting payment.  **EXHIBIT A**, pp. 15-17.

Mr. Ventura admitted that he is the person responsible for all normal daily operation of DAV.  **EXHIBIT A**, p. 22.  In 2008, he drew against a $250,000 line of credit that he obtained on behalf of DAV.  **EXHIBIT A**, p. 23.

During September-November, 2008, DAV did incur monthly expenses other than employee fringe benefit contributions.  **EXHIBIT A**, p. 27.  Mr. Ventura testified that it was his decision on how to prioritize payment of these expenses.  Id.   He testified that he would have to research his business records to tell whether DAV drew against its line of credit between September and November, 2008.   **EXHIBIT A**, p. 28.  He has never produced these records.

During September-October, 2008, DAV paid the following expenses, to the exclusion of past-due fringe benefit contributions:

**Payroll -**

1.      DAV paid employees for work performed during the period of September, 2008 through November, 2008.  **EXHIBIT A**, p. 29. DAV paid state and federal employee withholding tax during that three-month period.  **EXHIBIT A**, p. 29.  When asked whether he paid himself during this time period he answered "I don't recall." **EXHIBIT A**, p. 30.  However, he has not produced any documents to suggest that he was not paid for work performed during this three-month period.  He has produced corporation tax returns for 2006 and 2007, both of which evidence he was compensated.

**Insurance Premiums –**

2.      He made the decision to use DAV income to pay insurance expenses between September and November, 2008 in an amount of approximately $3,000.00, despite the fact that fringe benefits went unpaid.  **EXHIBIT A**, p. 30.

**Equipment Rental -**

3.      DAV made installment payments for heavy equipment that it leased during the period of September-November, 2008. **EXHIBIT A**, pp. 40-41.  The approximate cost for the bulldozer, alone, was $1,243.00 per month.  Id.  It was his decision to pay the equipment lease rental even though fringe benefit contributions went unpaid.  **EXHIBIT A**, p. 41.

Mr. Ventura's testimony confirms that DAV paid several expenses during the relevant time period while it did not pay past-due fringe benefit contributions owed during the same time period.

2

## II.    **STANDARD OF REVIEW**

Fed. R. Civ. P. 56(c) states that summary judgment shall be granted "if the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Three 1986 Supreme Court Decisions -- <u>Matsushita Electric Industry Co</u>. v. <u>Zenith Radio Corp</u>., 475 U.S. 574; 106 S. Ct. 1348, 89 L. Ed. 2d. 538 (1986) and <u>Celotex Corp</u>. v. <u>Catrett</u> , 477 U.S. 317; 106 S. Ct. 2548, 91 L. Ed. 2d. 265 (1986) -- ushered in a "new era" in the standards of review for a summary judgment motion.  These cases in the aggregate, lowered the movant's burden on a summary judgment motion.  <u>Barton</u> v. <u>Transportation Communication International Union</u>, 25 F. Supp. 2d. 790, 795 (E.D. Mich. 1998).  According to Wright, Miller and Kane:

> [T]aken together, these three cases signal to the lower courts that summary judgment can be relied upon more so then in the past to ward out lawsuits and avoid wasteful trials.

10A Charles A. Wright, Arthur R. Miller & Mary Kane, Federal Practice & Procedure §2727, at 468 (1998).

See <u>Street</u> v. <u>J.C. Bradford & Co</u>., 886 F. 2d. 1472, 1479-80 (6th Cir. 1989); <u>Barton</u>, 25 F. Supp. 2d. at 795-96; accord <u>Cox</u> v. <u>Kentucky Dept. of Transportation</u>, 53 F.3d. 146, 149-50 (6th Cir. 1995).

## III.    **LEGAL ARGUMENT**

### **THE INDIVIDUAL DEFENDANT, DAVID VENTURA, IS PERSONALLY LIABLE FOR THE UNPAID CONTRIBUTIONS BASED ON VIOLATIONS OF HIS FIDUCIARY DUTIES PURSUANT TO 29 USC §1109.**

This District has overwhelmingly held that individuals, such as Defendant Ventura, who have discretionary authority over plan assets, are fiduciaries regarding those assets.  Further, the Court has indicated that contributions become assets of the

Fund when they are due.  Thus, those individuals who have control over the company's finances while contributions are due are fiduciaries regarding plan assets.  Twelve Judges from this District have addressed this issue, and held that an individual is personally liable for unpaid contributions as a fiduciary when that individual decides not to pay those contributions.  The twelve Judges are: Judge Cohn; Judge O'Meara; Judge Cleland; Judge Hood; Judge Taylor; Judge Battani; Judge Borman; Judge Edmunds; Judge Gadola, Judge Cox, Judge Zatkoff, and Judge Rosen.

Whether someone is an ERISA fiduciary is a legal conclusion to be determined by the trier of fact.  Ackers v. Palmers, 71 F3d 226, 230 (6th Cir. 1995), cert. den. 116 S.Ct. 2523 (1996).  In  Brock  v. Hendershott, 840 F2d 339, 342 (6th Cir. 1988), the Court stated:

> Thus, a fiduciary should be defined not only by reference to particular titles, such as Trustee, but also by reference to the authority which a particular person has or exercises over employee benefit plans.  **The ERISA statute provides that a person is a fiduciary when he exercises any discretionary authority or discretionary control respecting….management or disposition of its assets**. (citations omitted, emphasis added).

Section 3(21)(A) of ERISA, 29 USC §1002(21)(A), states that a person is a fiduciary with respect to a plan:

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan **or exercises any authority or control respecting management or disposition of its assets,** (ii) he renders investment advice for a fee or other  compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. (Emphasis added).

Thus, to the extent that an individual exercises control regarding disposition of plan assets, he is a fiduciary.

When an employer withholds money from an employee's paycheck for deposit into an employee welfare benefit fund, the courts have concluded that he is a fiduciary

4

with respect to this money.  These holdings are consistent with the Department of Labor

Regulation that states that amounts withheld from a participant's wages are a plan asset:

> **Definition of "plan assets" - participant contributions**. - (a) General
> rule.  For purposes of [relevant portions of ERISA], the assets of the plan
> include amounts (other than union dues) that a participant or beneficiary
> pays to an employer, or amounts that a participant has withheld from his
> wages by an employer, for contribution to the plan as of the earliest date
> on which such contributions can reasonably be segregated from the
> employer's general assets.

29 CFR §2510.3-102(a).

Likewise, in <u>Galgay</u> v. <u>Gangloff</u>, 677 FSupp. 295 (M.D. Pa. 1987), a

multiemployer plan brought an action against various enterprises and individuals to

collect delinquent contributions.  The court held that the multiemployer plan properly

stated a cause of action against the enterprises for violation of fiduciary duties under

ERISA.  The court cited 29 USC §1002(21)(A)(i) for the proposition that a person

becomes a fiduciary when he   "exercises any authority or control respecting

management or disposition of its assets."  <u>Id</u>. at 300.  The wage agreement which

obligated the Defendants to make contributions to the funds stated that "[t]itle to all

monies paid into and/or due and owing said fund shall be vested in and remain

exclusively in the trustees of the fund."  <u>Id</u>. at 301.  Based upon this contractual

language, the court accepted the plan's reasoning that the employer contributions

became vested assets of the fund once they became "due and owing," as opposed to

when actually paid.  <u>Id</u>.  The court therefore rejected the defendants' argument that

delinquent contributions are not "assets" of the plan, but are merely  "receivables" which

may or may not be owing depending  on the outcome of the litigation.  <u>Id</u> .

See also <u>In Re: Consolidated Welfare Fund ERISA Litigation</u>, 839 F. Supp. 1068,

1073 (S.D. N.Y. 1993) (the court found that the contractual language at issue, like that in

<u>Gangloff</u>, <u>supra</u> established that unpaid contributions to the  welfare fund were plan

assets).

This holding is consistent with the United States District Court's decision in <u>US</u> v. <u>Panepinto</u>, 818 FSupp. 48 (ED NY. 1993), involving a scheme by which the defendant employer created a separate corporation for the purpose of evading requisite contributions to the funds. <u>Id</u>. at 50.  The U.S. Government brought a criminal action for violation of 18 USC §664, which renders embezzling "plan assets" a crime. The court rejected the employer's argument that contributions are not "assets" of the fund until they are received:

> Defendants' theory suggests that 18 USC §664 punishes employers who take assets directly from a plan, but leaves unpunished other employers who fraudulently divert assets from reaching the plan.  The wording of the statutory scheme does not require such an anomalous result.

<u>Id</u>. at 50.    See also <u>US</u> v. <u>Lasky</u>, 967 FSupp. 749, 752 (ED NY.  1997) (citing <u>Panepinto</u> with approval for the fact that the monies an employer embezzled from the fund at issue were not yet deposited into the fund was inconsequential).

Next, in <u>US</u> v. <u>LaBarbara</u>, 129 F3d 81 (2d Cir. 1997), a union official in charge of monitoring employer contributions was charged with aiding and abetting an employees' embezzlement under 18 USC §664.

The union official argued that his conviction for aiding and abetting embezzlement was invalid as the amounts not paid to the funds as a result of the double-breasting scheme were never assets of the funds.  The court responded:

> His argument seems to be that moneys owed to ERISA benefit plans are not assets of such plans until banked.  We disagree.  Once wages were paid to [union members, the employer] had contractual obligations to the Funds that constituted "assets" of the Funds by any common definition.  Certainly, an audit of the Funds would have to include such fixed obligations as assets. ... Indeed, [the official's] accepting kickbacks in return for allowing [the employer] to avoid its obligations to the Funds was the functional equivalent of, and more harmful than, stealing directly from the Funds' bank accounts.

<u>Id</u>. at 88 (emphasis added).

6

**The above establishes that due and owing contributions are vested plan assets and that an individual defendant is a fiduciary regarding these assets**. From this premise, 29 USC §1104(a)(1)(A) sets forth the appropriate standard of care as follows:

> ….a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and
>
> (a)   for the exclusive purpose of:
>
> > (i)   providing benefits to participants and their beneficiaries and
> > (ii)   defraying reasonable expenses of administering the plan

When a party breaches that standard of care, he/she is personally liable for the unpaid fringe benefit contributions owing to the Funds.  See 29 USC §1109(a).

As stated above, twelve judges in this District have adopted Plaintiffs' argument that an individual is personally liable under ERISA for failing to pay his employees their benefit contributions once they become due and owing.   Three of those decisions are published and can be found as follows:

- Trustees of the Michigan Regional Counsel of Carpenters, Employee Benefit Funds, et al. v. Accura Concrete Walls Inc. 408 F Supp 2d 370, (ED Mich 2005) - - Judge Cohn;
- Iron Workers' Local 25 Pension Fund v. McGuire Steel Erection Inc., 352 F Supp 2d 794 (ED Mich 2004) – Judge Zatkoff;
- Operating Engineers' Local 324 Fringe Benefit Funds v. Nicholas Equipment, LLC, 353 F Supp 2d 851 (ED Mich 2004) – Judge Edmunds.

Please also see the following unpublished opinions, including a decision by this Honorable Court which adopted the argument raised by Plaintiffs in the instant motion:

- **Exhibit B** – Decision by Judge Gerald E. Rosen;
- **Exhibit C** – Decision by Judge Robert H. Cleland;
- **Exhibit D** – Decision by Judge Robert H. Cleland;
- Also noteworthy is **Exhibit E**, which is a Memorandum, Opinion and Order issued by the Honorable Denise Page Hood of this Court after trial;
- **Exhibit F** - Decision by Judge Marianne O. Battani.  Although Judge Battani did not grant summary judgment in plaintiffs' favor because there was a question of fact regarding who was actually the fiduciary with the company, the court did adopt plaintiffs' legal arguments regarding holding an individual personally liable based on breaches of fiduciary duties;

- **Exhibit G**, which is a transcript of a decision of the Honorable Anna  Diggs Taylor holding Defendant, Joe Firek liable as a fiduciary for unpaid employee benefit contributions in Case #04-72536;
- **Exhibit H** – Decision by Judge Paul D. Borman;
- **Exhibit I** – Decision by Judge Sean F. Cox;
- **Exhibit J** – Decision by Judge Corbett O'Meara;
- **Exhibit K** – Decision by Judge Paul V. Gadola.

In each of these cases it was argued, as herein, that the individual(s) with discretionary authority over company assets were fiduciaries when the contributions remained due and owing.  Moreover, the individual breached his/her duties when he/she directed payment for any purposes other than the payment of the employee benefit contributions.

In the instant case, Defendant Ventura is the individual who made determinations of what was going to be paid and what was not, including the employee benefit contributions.  As set forth above, Ventura authorized payment for business operating expenses like payroll, equipment rental, and insurance.  However, Defendants failed to pay fringe benefit contributions owed during this period.  During the three months that fringe benefits contributions were overdue, DAV continued to operate, pay bills, pay payroll, etc. by utilizing the assets of the Fund.

Pursuant to the parties' CBA, as well as the applicable trust documents, the employee benefit contributions became vested plan assets on the date that they are due.  Therefore, when Defendant Ventura determined to use those amounts for any purpose other than payment of the employee benefit contributions, he breached his fiduciary duties and is personally liable.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion for Summary Judgment and order the following relief:

A.   A Judgment in favor of Plaintiffs in the amount of $19,637.76 against all Defendants;

B.   That, within 10 days of the date of entry of the Judgment, the Plaintiffs shall move to amend this Judgment to include the mandates of 29 USC §1132(g)(2) upon further submission to this Court;

C.   That an audit be completed of Defendant DAV Contracting, Inc. for all time periods through the present to determine all other due and owing contributions;

D.   That, once the audit is completed, the Judgment be amended to include any additional amounts determined due pursuant to the audit, plus the mandates of 29 USC §1132(g)(2) on those additional amounts, including interest, costs, and attorney fees as required and upon further submissions to the Court;

E.   That this Honorable Court retain jurisdiction of this matter until these orders are satisfied in full; and,

F.   Any other further relief this Honorable Court deems just and appropriate in this matter.

/s Matthew I. Henzi
DAVID J. SELWOCKI  P51375
MATTHEW I. HENZI P57334
Sullivan, Ward, Asher & Patton, P.C.
1000 Maccabees Center
25800 Northwestern Highway
Southfield, Michigan 48075-8412
(248) 746-0700
dselwocki@swappc.com
mhenzi@swappc.com

Dated:  August 11, 2009
W0783512

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2009, my assistant, Tonya Green filed Plaintiffs' Motion for Summary Judgment Against David Ventura and Brief in Support of Plaintiffs' Motion with the Clerk of the Court using the ECF system.

Copies of the document will be mailed via First Class Mail to the following non-

ECF participants:

**Mr. David Ventura**
**30499 Plymouth Road**
**Livonia, MI  48150**

I hereby declare that the statement above is true to the best of my knowledge,

information and belief.

**SULLIVAN, WARD, ASHER & PATTON, P.C.**

s/Matthew I. Henzi
David J. Selwocki (P51375)
Matthew I. Henzi (P57334)
Attorneys for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-8412
248.746.0700
mhenzi@swappc.com

W0783512